**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID TERRENCE STEPHENS,
D.O.C. # 059682,**

      **Plaintiff,**

**vs.**                                        **Case No. 4:16cv88-MW/CAS**

**JULIE JONES, et al.,**

      **Defendants.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

This case was initiated by David Terrence Stephens on February 11,

2016.  Mr. Stephens filed a civil rights complaint, ECF No. 1, and a motion

requesting leave to proceed with in forma pauperis status, ECF No. 2.

Because a prior case filed by Mr. Stephens was dismissed on February 1

2016, *see* case number 4:16cv5-WS/GRJ, Mr. Stephens is well aware that

he has "three strikes" and is prohibited from proceeding with in forma

pauperis status unless he is under "imminent danger of serious physical

injury."  28 U.S.C. § 1915(g).  *See also* case number 8:13cv1397, Middle

District of Florida (doc. 7 of that case, denying Plaintiff's motion for in forma

pauperis status pursuant to § 1915(g)), and case number 4:15cv386-WS/CAS (dismissed in this Court on November 4, 2015, *see* ECF No. 35).

The complaint filed in this case by Mr. Stephens[1] does not demonstrate that he meets the § 1915(g)[2] exception.  The complaint, ECF No. 1, is against 79 Defendants, located between the Department of Corrections' Central Office, Avon Park Correctional Institution, Okeechobee Correctional Institution, Liberty Correctional Institution, and Orlando, Florida.  One of the named Defendants is a state court judge, another is a statewide prosecutor, and another is an assistant state attorney.  Because so many Defendants are not physically located with Mr. Stephens, he cannot be in "imminent danger of serious physical injury."       The complaint also spans a wide range of time, beginning in 1998.  The complaint is 117 pages in length including the multitude of attachments provided with the complaint.  The complaint is a typical shotgun pleading and is not limited to any potential claim of imminent physical injury.  There

---

[1] Mr. Stephens is currently incarcerated at Liberty Correctional Institution.

[2] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

is no need to give this pleading more than a cursory review as Mr.

Stephens has made no effort to present a short and plain statement of his

claim, supported by clear factual allegations, which show he is under

imminent danger of serious physical injury as required by Federal Rule of

Civil Procedure 8(a) and 28 U.S.C. § 1915(g).

It is recommended that this case be dismissed sua sponte pursuant

to 28 U.S.C. § 1915(g).  Plaintiff has accumulated more than "three strikes"

under § 1915(g)[3] and has not demonstrated that he is in imminent danger

of serious physical injury.  Dismissal should be without prejudice to

Plaintiff's refiling this action upon either pay the full $400.00 filing fee at the

time of case initiation and submitting a complaint in compliance with Rule

8(a), or in the alternative, the submission of an in forma pauperis motion

and complaint which presents clear allegations demonstrating that Plaintiff

is in imminent danger of serious physical injury from a specific defendant.

*See* Dupree v. Palmer**,** 284 F.3d 1234 (11th Cir. 2002).  Such a complaint

should be no longer than ten pages.

---

[3] The cases filed by Mr. Stephens and dismissed by the Middle District of Florida
as either frivolous, malicious, or for failure to state a claim include: case no. 6:01cv1512,
case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536,
case no. 8:09cv194, and case no. 8:11cv1342.  *See* case no. 8:13cv1397.  Additionally,
Mr. Stephens has had cases dismissed under § 1915(g) including: case no.
8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for in forma pauperis status, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and any pending motions be **DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 18, 2016.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**